## STATE ex SQUIRE v SOLOMON et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 15581 & 15582. Decided March 22, 1937

Herbert S. Duffy, Attorney General, Columbus, and E. S. Lindemann, Cleveland, for plaintiff-appellant.

Bernsteen & Bernsteen, Cleveland, for defendants-appellees.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ (5th Dist) sitting by designation.

### OPINION

By MONTGOMERY, PJ.

The petition in each of these cases, as filed in the Court of Common Pleas, sought judgment upon a promissory note, foreclosure of a mortgage given to secure the same, the marshalling of liens upon the real estate included in the mortgage, and among other things, sought personal judgment against the defendant, Henry H. Krause, upon an allegation that he had assumed and agreed to pay the note. Liability having been denied by Krause in his answer in each case, trial was had up-

on that issue, and the trial court found on behalf of the defendant, Krause, and that the plaintiff was not entitled to a judgment against him.

In each of these cases, plaintiff below perfected an appeal to this court. The notice of appeal recites that it is upon questions of law and fact. Manifestly on the issues raised between the Superintendent of Banks and Krause there could be no appeal on questions of fact, but proceeding under the provisions of §§12222-22, GC, the appeal stands for hearing as an appeal upon questions of law.

The assignments of error are that the trial court should, on the evidence, have entered judgment against Krause, that the finding and judgment are not sustained by sufficient evidence, and are contrary to law.

These causes were heretofore submitted to another Court of Appeals, but the three judges then sitting being unable unanimously to agree that the finding of the lower court was manifestly against the weight of the evidence, affirmed the judgment, but thereafter granted an application for rehearing and the cases were then reassigned for hearing to this court. The issue being the same in the two cases they were submitted together.

We have read the whole record in this case, as well as the various briefs submitted by counsel. We have no difficulty in arriving at the conclusion that in each of these cases the judgment of the lower court was manifestly against the weight of the evidence.

Plaintiff below offered in evidence the original notes, the mortgages, the written assumption by Krause of the obligation upon the notes, and the deed of the property from the original mortgagors to Krause and his sister, with the evidence necessary to make the same competent, and thereupon rested his case. Krause was then called as a witness on his own behalf, and admitting the execution of these various documents, claimed in his defense that he was misled into signing this assumption and did not understand the effect of the same, and that as a matter of fact he had simply advanced money to his sister for which he should have obtained a second mortgage.

In rebuttal, the Superintendent of Banks then offered an escrow agreement of the year 1926, which was two years later than the execution by Krause of his assumption agreement, and offered also a document signed by Krause on October 22, 1933, in

which he admitted his obligation in connection with these notes in question.

Were there any merit in his contention that he was misled at the time he signed this obligation, which signing was, incidentally, only six days after the execution of the deed to him and his sister by the original mortgagors, the execution by him of the later documents offered in evidence would certainly tend to destroy any claim on his part that he did not understand the nature or the effect of the documents which he signed or any claim that he was misled when he signed them.

It follows that in each of these cases the judgment of the trial court will be reversed as being manifestly against the weight of the evidence and these cases will be remanded to that court for further proceedings.

SHERICK and LEMERT, JJ, concur.